UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TAPESTRY, INC.,

                                     Plaintiff,

    -against-

NICHE CORPORATION and JAYESH JESALPURA,

                                    Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/14/2020
```

19 Civ. 11777 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff, Tapestry, Inc., brings this action for breach of contract, alleging that Defendants, Niche Corporation and Jayesh Jesalpura, failed to disclose conflicts of interest as required by their contracts with Plaintiff. *See* Compl., ECF No. 32. Specifically, Plaintiff alleges that Jesalpura, formerly employed by Plaintiff as a systems analyst, did not notify Plaintiff that Jesalpura and his family members had ownership interests in Niche Corporation, with which Plaintiff contracted for information technology consultancy services. *Id.* ¶¶ 1–11. Jesalpura (hereinafter referred to as "Defendant") now moves to disqualify Plaintiff's counsel, Arthur D. Middlemiss, Esq. and the law firm Lewis Baach Kaufmann Middlemiss PLLC ("LBKM"). *See* Def. Letter, ECF No. 36. For the reasons below, Defendant's motion is DENIED.

**DISCUSSION**

    Defendant argues that disqualification is warranted because: (1) Middlemiss and LBKM violated the advocate-witness rule, Def. Letter at 6–9; (2) Plaintiff waived the attorney-client and work product privileges by placing certain matters "at issue," *id.* at 10–12; and (3) Middlemiss violated the Rules of Professional Conduct proscribing general "misconduct," *id.* at 12–15. The Court addresses each argument in turn.

    I.    <u>Advocate-Witness Rule</u>

    Rule 3.7(a) of the New York Rules of Professional Conduct provides, with certain exceptions, that "[a] lawyer shall not act as advocate before a tribunal in a matter in which the lawyer is likely to be a witness on a significant issue of fact." N.Y. R. Prof'l Conduct § 3.7(a). "The movant bears the burden of demonstrating specifically how and as to what issues in the case the prejudice may occur and that the likelihood of prejudice occurring to the witness-advocate's client is substantial." *Murray v. Metro. Life Ins. Co.*, 583 F.3d 173, 178 (2d Cir. 2009) (internal quotation marks, citation, and alterations omitted). "'Prejudice' in this context means testimony that is 'sufficiently adverse to the factual assertions or account of events offered on behalf of the client, such that the bar or the client might have an interest in the lawyer's independence in discrediting that testimony.'" *Id.* (citation omitted).

    Defendant argues that disqualification is appropriate because Middlemiss appears to have led Plaintiff's internal company investigation into Defendant's alleged conflicts of interest. Def.

Letter at 6.  The Court is, however, unpersuaded at this early juncture that any of Middlemiss's purported testimony would bear upon a "significant" issue of fact, as Defendant merely asserts that Middlemiss led the *investigation* into the underlying conduct, and not, as would be more relevant to Plaintiff's claims and Defendant's possible defenses, that Middlemiss played a role or witnessed any of the *actual conduct* underlying the suit (*i.e.*, Defendant's alleged failure to disclose affiliation with Niche Corporation).

But the Court need not pass on the substance of the parties' possible claims or defenses, for it is also patently clear that Middlemiss's testimony is not necessary.  "For purposes of considering a disqualification motion, the Court's inquiry does not focus on whether the attorney possesses discoverable knowledge, but rather whether trial of the case will in fact require his testimony."  *John Wiley & Sons, Inc. v. Book Dog Books, LLC*, 126 F. Supp. 3d 413, 422 (S.D.N.Y. 2015) (internal quotation marks and citation omitted).  In other words, even though Defendant intends to call Middlemiss as a witness at trial, *see* Def. Letter at 6–7, that alone is insufficient to trigger the advocate-witness rule.  Instead, the Court must determine whether Middlemiss's testimony is necessary.  Other individuals were present for Middlemiss's interviews with Defendant and other employees.  *See* Pl. Letter at 2 (noting that other individuals were present for employee interviews, and that Middlemiss and LBKM were not otherwise involved in the events underlying the action), ECF No. 39.  Because such persons could serve as fact witnesses in his stead, the Court concludes that Middlemiss's testimony is not "in fact require[d]."  *John Wiley*, 126 F. Supp. 3d at 422.

"[T]he availability of other witnesses is essentially fatal to the 'necessity' prong of the disqualification inquiry."  *John Wiley*, 126 F. Supp. 3d at 423; *see also Hecklerco, LLC v. Yuuzoo Corp. Ltd.*, 2016 WL 7742783, at *4 (S.D.N.Y. Dec. 16, 2016) ("Where an attorney's testimony would be cumulative or corroborative of that provided by other witnesses, the testimony cannot be said to be necessary, and disqualification is inappropriate."); *Shabbir v. Pakistan Int'l Airlines*, 443 F. Supp. 2d 299, 308 (E.D.N.Y. 2005) ("[A] lawyer who could provide only cumulative testimony may act as trial counsel." (internal quotation marks and citation omitted)).

Disqualification of Middlemiss on the basis of the advocate-witness rule is, therefore, unwarranted.

The Court likewise rejects Defendant's request to disqualify the law firm LBKM, because "a law firm can be disqualified by imputation only if the movant proves by clear and convincing evidence that [A] the witness will provide testimony prejudicial to the client, and [B] the integrity of the judicial system will suffer as a result."  *Murray*, 583 F.3d at 178–79.  Here, the Court has concluded that Defendant has not met his burden of showing that Middlemiss is likely to provide testimony at all.  It follows, *a fortiori*, that disqualification of LBKM on the basis of the advocate-witness rule is not merited.

II.     Waiver of Privilege

Defendant contends that Plaintiff relied on Middlemiss's investigation to terminate Defendant's employment and, by so doing, Plaintiff put "at issue" matters ordinarily protected by attorney-client and work-product privileges.  Def. Letter at 10.  The Court again finds Defendant's argument to be without merit.

2

"'At issue' waiver . . . occurs when a party has asserted a claim or defense that he intends to prove by use of privileged materials, such as when a party asserts a defense of reliance on advice of counsel." *Aiossa v. Bank of Am., N.A.*, No. 10 Civ. 1275, 2011 WL 4026902, at *5 (E.D.N.Y. Sept. 12, 2011) (internal quotation marks and citations omitted). The Court is unpersuaded, however, that any dispute over Defendant's termination necessitates inquiry into Middlemiss's privileged communications, work product, or state of mind; instead, the merits of the action concerns not what Middlemiss may have thought and advised his client, but rather whether the underlying facts substantiate Plaintiff's claims or Defendant's counterclaims and defenses. "The fact that an attorney-client communication is relevant to a material issue in a case does not overcome the attorney-client privilege. If it did, the privilege would be eviscerated." *Id.* at *4; *see also In re County of Erie*, 546 F.3d 222, 229 (2d Cir. 2008) ("[P]rivileged information may be in some sense relevant in any lawsuit. A mere indication of a claim or defense certainly is insufficient to place legal advice at issue."). The Court does not, therefore, find any waiver of privilege to support disqualification of Middlemiss and LBKM at this time.

### III. Misconduct

Last, Defendant asserts that Middlemiss violated Rule 8.4 of the New York Rules of Professional Conduct, pertaining to "misconduct." Specifically, Defendant argues that Middlemiss engaged in "conduct that is prejudicial to the administration of justice" or "adversely reflects on the lawyer's fitness as a lawyer." Def. Letter at 13 (quoting N.Y. R. Prof'l Conduct § 8.4(d) & (h)). Defendant states that during their interview regarding the alleged conflicts of interest, Middlemiss "raised his voice to an animated level and physically banged the conference room table multiple times in a threatening manner." Def. Letter at 13; *see also* Jesalpura Decl. ¶¶ 15–19 (describing Middlemiss's interview of Defendant), ECF No. 43-1.

Defendant provides no support for the assertion that the described behavior rises to the level of misconduct proscribed by the New York Rules of Professional Conduct and warrants the disqualification of counsel, and the Court is aware of no such authority. The Court finds that the actions are insufficient to support a Rule 8.4 violation. Defendant has failed to meet his burden in seeking the "disfavor[ed]" remedy of disqualifying counsel on the basis of professional misconduct. *Paramount Commc'ns, Inc. v. Donaghy*, 858 F. Supp. 391, 394 (S.D.N.Y. 1994).

### CONCLUSION

For the reasons stated above, Defendant's motion to disqualify Arthur D. Middlemiss, Esq. and the law firm Lewis Baach Kaufmann Middlemiss PLLC is DENIED.

By **June 4, 2020**, Defendant Jayesh Jesalpura shall answer or otherwise respond to the complaint. By **May 18, 2020**, the parties shall submit a revised proposed case management plan with updated discovery deadlines.

SO ORDERED.

Dated: May 14, 2020
New York, New York

_____
ANALISA TORRES
United States District Judge